Charles H. Libby and Gladys C. Libby v. Commissioner.
Libby v. Commissioner
Docket Nos. 787-63, 3530-63.
United States Tax Court
T.C. Memo 1964-309; 1964 Tax Ct. Memo LEXIS 28; 23 T.C.M. (CCH) 1902; T.C.M. (RIA) 64309; July 30, 1964
Charles H. Libby, pro se, 603 E. Main St., New Albany, Ind. Jerry M. Reinsdorf, for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The Commissioner determined deficiencies in the income taxes of the petitioners for the calendar years 1960 and 1961, in the amounts of $974 and $66, respectively. By reason of certain concessions of the parties, only portions of said deficiencies are here involved. The cases were consolidated for trial. Regarding Docket No. 3530-63 involving the year 1961, the issue therein presented has been completely settled by the parties, through concessions made at the trial and on brief. Effect will be given *29 to this settlement in the recomputation of tax to be made under Rule 50. As regards Docket No. 787-63 involving the year 1960, the sole issue to be decided is whether petitioner Charles H. Libby is entitled to deduct expenses of $2,544, as "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of * * * business." (Section 162(a)(2), I.R.C. 1954.) These traveling expenses include: $144 for transportation on two round trips between his home in Park Forest, Illinois, and Pittsburgh, Pennsylvania; and $2,400 for lodging and meals in Pittsburgh while performing services in that city. The reasonableness of the amounts of these expenses is not in controversy. Findings of Fact Some of the facts have been stipulated. The written stipulation of facts and all exhibits identified therein are incorporated herein by reference. The petitioners, Charles H. Libby and Gladys C. Libby, are husband and wife. They filed a joint income tax return for each of the calendar years 1960 and 1961, with the district director of internal revenue at Chicago, Illinois. The husband, Charles H. Libby, is herein referred to *30 as the "petitioner." On January 1, 1960, and for several years prior thereto, petitioner and his wife had resided in Pittsburgh, Pennsylvania, where petitioner was the elected Comptroller of the Crucible Steel Company of America. Shortly after the beginning of said year, petitioner decided that as of June 30, 1960, which would be shortly after his 55th birthday on June 16, 1960, he would retire from his employment with Crucible Steel Company; accept the benefit of monthly retirement payments for life, which after said date he could become entitled to receive from the company; and that, at this same time, he and his wife would move their residence and home from Pittsburgh to Park Forest, Illinois, where they could enjoy his retirement near to their daughter and her family who resided in the latter city. Pursuant to such decision and plan, petitioner and his wife, during the months of March, April and May, 1960, made the following arrangements and commitments for moving their home and residence to Park Forest: (1) In April, they made arrangements with the landlord of the premises which they occupied as their Pittsburgh home, to terminate their lease on June 30, 1960. (2) In March *31 or April, they made application for rental of an apartment in Park Forest, Illinois, to be occupied by them as their new home beginning on or before June 30. the lease for this apartment was executed by petitioner on May 20, for a term running from June 20, 1960, to June 30, 1961; and this period was subsequently extended to June 30, 1962. (3) And in May 1960, petitioner placed an order with a moving company, Aero Mayflower Transit Co. Inc., to transport from Pittsburgh to Park Forest, on or before June 28, 1960, all the household furniture, clothing and personal effects belonging to him and his wife. Thereafter prior to July 1, 1960, effect was given to this plan; all of said possessions of petitioner and his wife, both household and personal, actually were moved from Pittsburgh to their new apartment in Park Forest; and at this same time, petitioner and his wife went there and established their new home and residence in Park Forest where they thereafter resided. In May 1960 after the above-mentioned plans had been made, an unexpected development occurred in the Comptroller's Department of the Crucible Steel Company in Pittsburgh, which caused petitioner great concern. The Assistant *32 Comptroller of the company, who had been assisting in the handling of the Comptroller's Department, and who had been expected to succeed petitioner in the position of Comptroller, was promoted to a new position as assistant manager of one of the company's steel mills; and it then became evident that he would in a short time have to relinquish his duties and depart from Pittsburgh. This change, which had not been anticipated, meant that both petitioner and the assistant would be leaving the Comptroller's Department at about the same time; that a new substitute Comptroller would have to be brought in from the outside; and that in order for the Department to function efficiently, it not only would be necessary that the work and personnel of the Department be reorganized, but also that the new successor Comptroller be given assistance for a temporary period, in acquainting and adjusting him to his functions and duties. Petitioner, being the one person who by long experience was best suited to render such services, felt morally obligated to provide such assistance to the company - notwithstanding that he was under no legal obligation to do so, and that the rendering of such special services *33 would be most inconvenient to him because of the above-mentioned plans and commitments which he had made. Petitioner decided nevertheless to fulfill this moral obligation to Crucible Steel Company; and he thereupon handled the unexpected situation in the following manner. Acting in accordance with the plans already made, petitioner and his wife, as hereinbefore found, moved all their household furnishings and personal effects to their newly rented apartment in Park Forest, Illinois, shortly before June 30, 1960; and they there and at that time established their new home and residence in that city. Thereafter on or about July 1, 1960, petitioner drove to Pittsburgh by automobile, and there proceeded to assist Crucible Steel Company in reorganizing its Comptroller's Department and in training the new successor Comptroller. Petitioner's wife remained in Illinois at the new residence. The special services which petitioner so performed in Pittsburgh were intended to be, and were temporary in character; and they were occasioned solely by the above-mentioned unanticipated transfer away from Pittsburgh of the Assistant Comptroller who had been expected to perform such services as the successor *34 Comptroller, but who was unable to do so. Petitioner continued to perform these special services for the company in Pittsburgh, from about July 1 to December 31, 1960; and in consideration therefor, he received compensation from the company (not here in controversy) which he included in his taxable income. Also in performing these services, he incurred the following business expenses for which he was not reimbursed: $2,400 for lodging and meals, being $400 per month for 6 months, or less than $15 per day. This amount included $795 which he paid for temporary rental of a one-room furnished apartment in Pittsburgh that he alone occupied. $144 for travel expenses for two round trips between his home in Park Forest, Illinois, and Pittsburgh - including one such trip which it was necessary for him to make to Illinois and return, in order to obtain winter clothing and certain equipment for his work which extended into the winter season. All other expenses, which were personal in character, were eliminated by petitioner from his claimed business deduction. As before stated, the reasonableness of the amounts of the above-specified expenses is not in controversy. The respondent, *35 in his notice of deficiency, disallowed deduction for all said expenses, on the ground that: "[It] has not been established that such amounts represent ordinary and necessary business expense or were expended for the purpose designated." Opinion The crux of the controversy in the instant case comes down to this: Where was petitioner's home for tax purposes, from July 1 through December 31, 1960? After considering and weighing all the evidence herein, and also after having observed the petitioner during the presentation of his testimony, we have concluded that his home was in Park Forest, Illinois; and that his work in Pittsburgh from July through December in the special and unforeseen circumstance of having to train a successor Comptroller, was both away from home, and of a temporary character. Accordingly, we hold that the $2,544 here in controversy represented ordinary and necessary expenses of the petitioner, coming within the provisions of section 162(a)(2) of the 1954 Code. We decide this issue for the petitioner. Decisions will be entered under Rule 50.